ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

KAREN KREUZKAMP (CABN 246151)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    Email: Karen.Kreuzkamp@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> GALE JOSEPH YOUNG a/k/a "Redbone," ) <br> ) <br>     Defendant. ) <br> ) | CR No. 18-CR-0558-1 VC-SK <br><br> [~~PROPOSED~~] ORDER DETAINING DEFENDANT GALE JOSEPH YOUNG |

On December 19, 2018, the Court conduced a detention hearing in the above-captioned case for defendant Gale Joseph Young, a/k/a/ "Redbone." The Court has carefully considered the proffers of the government and the defendant's counsel, along with the information contained in the U.S. Pretrial Services Report. The Court finds by clear and convincing evidence that the defendant is a danger to the community. For the reasons set forth below, as well as those stated on the record on December 19, 2018, the Court concludes that there is no condition or combination of conditions that could be fashioned in order to properly protect the community from the defendant if he is released. Therefore, the Court orders that the defendant be detained.

**I.     LEGAL STANDARD**

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a

defendant pending trial. The judicial officer may detain a defendant where the government shows by clear and convincing evidence that no release condition will reasonably assure the safety of the community. Specifically, detention may be ordered where the court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity. *United States v. Salerno*, 481 U.S. 739 (1987). Additionally, the judicial officer may detain a defendant if the government proves by a preponderance of the evidence that the defendant poses a risk of flight. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

## II. PROCEDURAL FACTS

On December 3, 2018, the parties appeared before the Court for the defendant's initial appearance. On December 4, 2018, the Court arraigned the defendant and appointed Robert F. Waggener to represent him. The government moved for detention, submitting that no condition or combination of conditions of release would reasonably assure the appearance of the defendant as required or the safety of the community.

The parties appeared before the Court on December 7, 2018 for a detention hearing. At that appearance, counsel for the defendant asked for a continuance to allow time for the defendant to be interviewed by U.S. Pretrial Services. The matter was continued to December 14, 2018. On December 14, 2018, the parties appeared and counsel for the defendant sought to continue the matter to December 19, 2018, to allow counsel additional time to review materials and prepare for the detention hearing.

On December 19, 2018, the Court held the detention hearing. The U.S. Pretrial Services Officer recommended that the defendant be detained pending trial based on his potential danger to the community.

During the detention hearing, defense counsel sought defendant's release to a halfway house, with GPS location monitoring, and enrollment in a substance abuse program. The government argued that the defendant's criminal history made him too great of a danger to the community for any release. The government's proffer to the Court included that the defendant had been present for at least two shootings, had had numerous firearms seized by law enforcement including two since the date of the

crime alleged in the Indictment, had been arrested for stabbing someone in a street fight, and had allegedly threatened a witness to that stabbing. The government also cited to the Honorable Maxine M. Chesney's application of the sentencing enhancement for Obstructing or Impeding the Administration of Justice (U.S.S.G. § 3C1.1), finding the defendant to have threatened a trial witness in *United States v. Gale Joseph Young*, CR 08-00502 MMC.

## III. ANALYSIS

After hearing from both parties and considering the report prepared by U.S. Pretrial Services, as well as the defendant's past conduct and criminal record and the offense conduct alleged in the Indictment, the Court finds that the government has met its burden that the defendant poses a danger to the community. In particular, the Court cites the seriousness of the defendant's criminal record. Additionally, the Court is concerned about threats to witnesses, in light of Judge Chesney's application of the sentencing enhancement and the more recent allegation that the defendant threatened a witness to a stabbing for which he was arrested.

## IV. CONCLUSION

For the reasons set forth herein, as well as those stated on the record on December 19, 2018, the Court hereby finds that the government has met its burden that the defendant poses a danger to the community. Therefore, the Court ORDERS that the defendant be detained.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) the defendant is committed to the custody of the United States Marshals Service for confinement in a correctional facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: December 20, 2018

_____
HON. SALLIE KIM
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
CR No.CR 18-0558-1 VC-SK